IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 08- 26 -GMS |
| | ) |
| MICHELLE LYNCH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David L. Hall, Assistant United States Attorney for the District of Delaware, and the defendant, Michelle Lynch, by and through her attorney, Keir Bradford, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count 1 of an Information, waiving prosecution by indictment, charging the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343.

2. The essential elements of the offense of wire fraud, each of which the government would have to prove beyond a reasonable doubt at trial, are: (1) the defendant devised or intended to devise (2) a scheme and artifice to defraud and (3) used an interstate electronic communication in furtherance of the scheme to defraud.

3. The maximum penalties for Count One of the Information are: not more than twenty years imprisonment, a $250,000.00 fine, three years supervised release following any term of imprisonment, restitution, and a $100.00 special assessment.

4. The defendant knowingly, voluntarily, and intelligently admits that during the period May 2004 to December 2005, she defrauded her employer, Digital Legal Services, of a total of $123,209 by means of fraudulent interstate wire transfers from Digital Legal Services accounts at Sun Bank ($90,000) and Wilmington Trust Company ($33,209) to her own personal accounts.

5. The United States will recommend a three level reduction in the offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline Section 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6. The defendant stipulates and agrees that the loss set forth in paragraph 4 above is attributable to her at sentencing as relevant conduct pursuant to Guidelines Section 1B1.3, and that the fraud loss of $123,209 was reasonably foreseeable by the defendant as a consequence of her conduct. The defendant and the government stipulate and agree that pursuant to Guidelines Sections 1B1.3 and 2B1.1, the base offense level is therefore 17.

7. The defendant agrees to make full restitution in the amount of $123,209 to Digital Legal Services.

8. The defendant agrees to pay any special assessment at the time of sentencing. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered

program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

9. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned

parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____        By: _____
Keir Bradford, Esquire                              David L. Hall
Attorney for Defendant                          Assistant United States Attorney


_____
Michelle Lynch
Defendant

2/29/08

AND NOW this 29th day of Feb _____, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by the Court.

_____
United States District Court

FILED
FEB 2 9 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE